**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| ELAINE WHATLEY for<br>her minor child M.W.,<br>    Plaintiff, | )<br>)<br>)<br>) | |
| v. | ) | CAUSE NO.: 2:17-CV-196-JEM |
| NANCY A. BERRYHILL,<br>Deputy Commissioner for the<br>Social Security Administration,<br>    Defendant. | )<br>)<br>)<br>)<br>) | |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Elaine Whatley for her minor child M.W. on April 27, 2017, and Plaintiff's Opening Social Security Brief [DE 15], filed October 2, 2017. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On October 30, 2017, the Commissioner filed a response, and on November 27, 2017, Plaintiff filed a reply. For the following reasons, the Court grants Plaintiff's request for remand.

**I.     Background**

In an earlier decision dated August 29, 2005, Plaintiff was found to be disabled as of May 1, 2005, and on May 10, 2012, it was found that the now-eleven-year-old was no longer disabled as of May 1, 2012. Plaintiff requested a hearing, and on March 26, 2015, Administrative Law Judge ("ALJ") John K. Kraybill held a video hearing at which Plaintiff, Plaintiff's mother, a medical expert ("ME"), and a vocational expert ("VE") testified. On June 8, 2015, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings:

1. The most recent favorable medical decision finding that the claimant was disabled is the decision dated August 29, 2005. This is known as the "comparison point decision" or CPD.

2. At the time of the CPD, the claimant had the following medically determinable impairments: speech and language delays, ADHD, learning difficulties, mild mental retardation, and conduct disorder. These impairments were found to functionally equal the listings. (20 CFR 416.954(d) and 416.926(a)).

3. Medical improvement occurred as of May 1, 2012.

4. The claimant is currently a school-age child.

5. Since May 1, 2012, the impairments that the claimant had at the time of the CPD have not functionally equaled the Listings of Impairments.

6. The medical and other evidence establish that the claimant did not have an impairment at the CPD that was cot considered at that time and has not developed any additional impairments subsequent to the CPD.

7. Since May 1, 2012, the claimant has not had an impairment or combination of impairments that meets or medically equals one of the listed impariments in 20 CFR Part 404, Subpart P, Appendix 1.

8. Since May 1, 2012, the claimant has not had an impairment or combination of impairments that functionally equals the Listings.

9. The claimant's disability ended as of May 1, 2012, and the claimant has not become disabled again since that date.

On September 26, 2016, the Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

After the Agency has determined that a child is eligible for disability benefits, it periodically reviews eligibility for benefits in a three step process. 20 C.F.R. § 416.994a(b). The ALJ first considers the impairments that were present at the most recent favorable determination, known as the comparison point decision or CPD, to determine if there has been improvement in those impairments; if so, the ALJ considers whether the impairments still meet or medically functionally equal the severity of the listing that was considered at the CPD; if not, then the ALJ considers whether the child is suffering from severe impairments that meet or medically equal a listing. 20 C.F.R. § 416.994a(b); SSR 05-03P, 2008 WL 1017037 (Apr. 27, 2005).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595)); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

## III. Analysis

First, Plaintiff argues that the ALJ failed to fulfill the heightened duty to develop a full and fair record for an unrepresented claimant. The Commissioner argues that the ALJ developed a full and fair record.

"A claimant has a statutory right to counsel at a disability hearing," but that right is waivable. *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) (citing 42 U.S.C. § 406, 20 C.F.R. 404.1700; *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir.1991)). The Seventh Circuit Court of Appeals has required the ALJ to explain three things to a pro se claimant "[t]o ensure a valid waiver of counsel[:] . . . (1) the manner in which an attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees." *Binion v. Shalala*, 13 F.3d at 245. "While a

4

claimant represented by counsel is presumed to have made his best case before the ALJ, no such presumption attaches to an unrepresented claimant." *Skinner v. Astrue*, 478 F.3d 836, 84142 (7th Cir. 2007) (citing *Sears v. Bowen*, 840 F.2d 394, 402 (7th Cir.1988)). Accordingly, when someone "proceeds without counsel, an ALJ has a duty to 'probe[ ] the claimant for possible disabilities and uncover[ ] all the relevant evidence.'" *Mallett v. Barnhart*, 81 F. App'x 580, 582 (7th Cir. 2003) (quoting *Binion v. Shalala*, 13 F.3d at 245); *see also Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997) ("when the claimant is unrepresented by counsel, the ALJ has a duty to 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts'") (quoting *Thompson*, 933 F.2d at 585). Some of the factors a court will consider when determining whether an ALJ has developed the record include:

> (1) whether the ALJ obtained all of the claimant's medical and treatment records; (2) whether the ALJ elicited detailed testimony from the claimant at the hearing (probing into relevant areas, including medical evidence on the record, medications, pain, daily activities, the nature of all physical and mental limitations, etc.), and (3) whether the ALJ heard testimony from examining or treating physicians.

*Ferguson v. Barnhart*, 67 F. App'x 360, 367 (7th Cir. 2003). " If the Commissioner fails to make the requisite showing, the case must be remanded." *Chatmon v. Barnhart*, No. 04C344, 2004 WL 3246111, at *2 (N.D. Ill. Aug. 13, 2004) (citing *Thompson*, 933 F.2d at 586).

In this case, Plaintiff argues that the ALJ did not have the CPD, and could not properly analyze the issue of medical improvement without knowing the precise reasons for the initial finding of disability. The Commissioner argues that the ALJ solicited information and additional documentation from Plaintiff, and told Plaintiff that he would help if Plaintiff was unable to obtain the documentation, but that Plaintiff did not request that the CPD be included in the record.

5

However, the ALJ's duty to a non-represented party is not to ask them for documents, but for ***the ALJ*** to develop the record and obtain relevant evidence. Merely stating a willingness to help a *pro se* party obtain relevant documents, when that party may not even know what documents exist, are needed, or may be relevant, does not fulfill that duty.

The failure is particularly notable in this case, where the ALJ was responsible for determining "whether there has been medical improvement in the impairment(s) that was present at the time of the most recent favorable determination or decision," known as the CPD. SSR 05-03P (citing 20 CFR 416.994a(b)(1)). Without knowing what impairments were present in the CPD, there is no way for ALJ to determine whether there has been medical improvement in those impairments, and there can be no meaningful judicial review of that determination.

Plaintiff also argues that even if there was medical improvement, the ALJ improperly assessed Plaintiff's functional limitations. For example, the ALJ concluded that Plaintiff has "less than marked limitation" in the domain of interacting and relating to others, based in part on the opinion of the testifying ME. The ALJ characterized her testimony as "opin[ing] that he had less than marked limitations." However, at the hearing the ME stated that "[f]rom the conduct perspective, it's probably marked" limitation. AR 62. Particularly given the other evidence in the record that Plaintiff continues to have difficulties interacting with others, and the evidence that his communication skills were limited compared to other children of the same age, it appears that the ALJ did not address contradictory evidence. *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004) ("Although the ALJ need not discuss every piece of evidence in the record, he must confront the evidence that does not support his conclusion and explain why it was rejected."); *Golembiewski*

*v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003) ("[T]he ALJ may not ignore an entire line of evidence that is contrary to the ruling."); *see also Thomas v. Colvin*, 534 F. App'x 546, 550 (7th Cir. 2013) (citing cases). Likewise, Plaintiff argues that the ALJ erred in rejecting the opinions of state agency reviewers who opined that Plaintiff had marked limitations in the domain of acquiring and using information and ignored or misunderstood evidence relevant to the limitations in the domain.

On remand, the ALJ is directed to fully develop the record, including obtaining the CPD, and to adequately address the evidence in the record to make his determination, particularly the opinions of medical experts addressing areas in which they believe Plaintiff has marked impairments. The ALJ is reminded of his responsibility to create a logical bridge between the evidence and his conclusions to allow for meaningful review. *O'Connor-Spinner*, 627 F.3d at 618.

## IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Opening Social Security Brief [DE 15] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 20th day of August, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record